UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Case No: 20-20502

v.                                   Hon. Victoria A. Roberts

EUGENE KOTELMAN,

       Defendant.

_____/

## ORDER DENYING PETITIONER'S
## MOTION TO VACATE SENTENCE [ECF No. 18]

Eugene Kotelman ("Kotelman") pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343.  He was sentenced to prison and three years of supervised release.   Kotelman violated his supervised release. During his violation hearing, the Court revoked Kotelman's supervised release and sentenced him to 15 months in prison.  [ECF No. 17].

Now before the Court is Kotelman's motion to vacate the sentence imposed at the violation hearing, pursuant to 28 U.S.C. § 2255.  Kotelman claims that: (1) his supervising probation officer withheld information during the violation hearing; and (2) his counsel was ineffective during the hearing.

The Court **DENIES** Kotelman's motion to vacate sentence.

## I.   Background

On February 10, 2015, a federal grand jury indicted Kotelman for his involvement and leadership in a $1.2 million multi-defendant federal income tax refund scheme.  [ECF No. 1-3].  The indictment charged Kotelman with three counts: (1) 18 U.S.C. § 1343 – conspiracy to commit wire fraud; (2) 18 U.S.C. § 641 – conversion of money from the United States; and (10) 18 U.S.C. § 1956(h) – conspiring to launder money instruments.

Kotelman pled guilty to count one – conspiracy to commit wire fraud. The U.S. District Court for the Eastern District of Tennessee sentenced Kotelman to 55 months of incarceration and three years of supervised release.

Following Kotelman's release from prison, the Eastern District of Tennessee transferred his supervised release to the Eastern District of Michigan.  Kotelman violated numerous conditions of his supervised release. He admitted guilt to violating conditions 1, 2, 3, 4, and 5:

1. The Defendant shall not commit another federal, state, or local crime.

   a. The Port Huron Police Department cited Kotelman for driving with a suspended license.

2. The Defendant shall refrain from excessive use of alcohol and shall not possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

   a. Kotelman tested positive and admitted to the use of methamphetamines.

3. The Defendant shall refrain from excessive use of alcohol and shall not possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.

   a. During an unannounced home visit, Kotelman's probation officer observed a pipe and butane lighters used for smoking methamphetamine in plain view in Kotelman's vehicle.

4. Any restitution which remains unpaid at the commencement of the term of supervised release shall be paid on a monthly basis at the amount of at least 10% of the defendant's monthly income.

   a. Kotelman failed to make any payments towards his restitution since the beginning of his supervised release.

5. The Defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the

3

probation officer, until such time as the defendant is released from the program by the probation officer.

    a. Kotelman failed to attend scheduled substance abuse treatment. Because of the number of missed or rescheduled substance abuse classes, the counselor terminated treatment.

At Kotelman's violation hearing on December 15, 2021, the Court revoked his supervision and sentenced him to 15 months in prison.

## II.    Standard of Review

### Request to Vacate Sentence

A federal custodial sentence may be vacated, set aside, or corrected if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255(a).

## III.    Analysis

In his § 2255 motion, Kotelman states two grounds for which his supervised release sentence should be vacated: (1) his probation officer

4

withheld information during the hearing; and (2) he received ineffective assistance of counsel. [ECF No. 18].

### A. Withholding of Information

Although unclear, it appears that Kotelman makes the argument that his probation officer allowed him to "work off" one of his violations by cooperating with St. Clair County drug task force officers. Kotelman says he was unaware that he was not allowed to engage with authorities and says he should not be held responsible because his probation officer is the one who orchestrated the cooperation. [ECF No. 18, PageID.74].

In its response brief, the Government confirmed that while on supervised release, Kotelman actively cooperated with deputies assigned to the St. Clair County Sheriff's Department drug task force. [ECF No. 24, PageID.101]. However, as the Government correctly points out, the Court did not base its revocation and sentence on Kotelman's cooperation with law enforcement. [ECF No. 24, PageID.98]. Kotelman admitted guilt to five violations that were unrelated to his St. Clair cooperation and the court rendered its sentencing based on those admissions.

Under 18 U.S.C. § 3583(e)(3), if a court finds by a preponderance of the evidence that a defendant serving a term of supervised release violated

a condition of that release, the court may revoke supervised release and "require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision." If the underlying offense is a class C felony, the court cannot sentence the defendant to a term of more than two years in prison. 18 U.S.C. § 3583(e)(3).

In its sentencing following the revocation of supervised release, the Court must show consideration of the relevant statutory factors and the sentence must not be unreasonable. *U.S. v. Lewis*, 498 F.3d 393, 397 (6th Cir. 2007) (quoting *U.S. v. McClellan*, 164 F.3d 308, 309 (6th Cir. 1999)). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, or gives an unreasonable amount of weight to any pertinent factor." *U.S. v. Sears*, 32 F.4th 569, 575 (6th Cir. 2022).

The Court was within its discretion to revoke Kotelman's supervised release; his admission to violating five conditions supports a finding beyond a preponderance of the evidence that he in fact violated the conditions. *U.S. v. Carr*, 421 F.3d 425, 430 (6th Cir. 2005) (the defendant's "guilty pleas clearly established that he violated conditions" of supervised release).

6

The violations carried a guideline range of 21-27 months. Because Kotelman's underlying offense – conspiracy to commit wire fraud – is a class C felony, the Court was not permitted to sentence him to a term of imprisonment exceeding 24 months. The Court sentenced Kotelman to 15 months. Additionally, the Court ordered that his term of imprisonment run concurrently with any state sentence. "A sentence that falls within a properly calculated guideline range is afforded a rebuttable presumption of reasonableness." *U.S. v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007).

Kotelman's first ground for relief fails.

### B. Ineffective Assistance of Counsel

Kotelman says he received ineffective assistance of counsel because he told his lawyer he was working for the drug task force officers and his lawyer allegedly conspired with the probation officer to withhold that information from the Court. [ECF No. 18, PageID.75].

Even if true, whether his attorney withheld information about Kotelman's cooperation with drug task force officers is irrelevant. Kotelman admitted guilt to violating five unrelated conditions. Additionally, the cooperation – if it occurred – was subsequent to the five admitted violations.

To show he was denied the effective assistance of counsel by federal constitutional standards, Kotelman must satisfy a two-prong test. First, he must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Kotelman must overcome a strong presumption that his counsel's behavior was within the wide range of reasonable professional assistance. *Id*.  Second, Kotelman must show that counsel's performance prejudiced his defense. *Id*.

When deciding an ineffective assistance claim, the Court is not bound to address both components of the inquiry if a defendant makes an insufficient showing on one. *Strickland*, 466 U.S. at 697. Here, the Court begins and ends its consideration with the prejudice prong. Because Kotelman cannot show that he was prejudiced, the Court does not need to consider whether his attorney's performance was deficient.  Kotelman's claim of ineffective assistance of counsel fails.

## IV.    Conclusion

Because Kotelman cannot show the Court's sentencing was unreasonable or that his counsel was ineffective, the Court **DENIES** his motion to vacate.

**IT IS ORDERED**.

S/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  8/4/2022